**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 09-2945

———————————

JUAN OSMIN CASTELLANOS,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                            Respondent

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-289-308)
Immigration Judge: Honorable Margaret R. Reichenberg

———————————

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2010

Before:   SLOVITER, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 12, 2010)

———————————

OPINION

———————————

PER CURIAM

        Petitioner Juan Osmin Castellanos, a native and citizen of El Salvador, seeks

review of a decision by the Board of Immigration Appeals ("BIA") denying his request

for deferral of removal under the Convention Against Torture ("CAT").  For the reasons

that follow, we will deny in part and dismiss in part the petition for review.

I.

Castellanos first entered the United States in 1987 without inspection. In 1995, he was convicted in New York state court of rape in the third degree, and was removed to El Salvador in March 2005. He tried to re-enter the United States without inspection in August 2005, but was intercepted by Border Patrol agents. In December 2005, Castellanos pled guilty in the Western District of Texas to illegal re-entry, and was sentenced to thirty-seven months of imprisonment.

Upon his release in April 2008, the United States Immigration and Customs Enforcement ("ICE") took him into custody. An asylum officer interviewed him in June 2008 and determined that he did not have a reasonable fear of persecution in El Salvador. After a hearing, an Immigration Judge ("IJ") upheld the decision. Castellanos filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. During those proceedings, the parties stipulated to remand the matter to the IJ to determine whether Castellanos has a reasonable fear of torture if removed to El Salvador.

Castellanos filed an application for deferral under CAT, and his case was transferred to an IJ in Newark, New Jersey. Castellanos testified that he witnessed the assassination of a mayor in El Salvador in June 2005. The shooter approached him and threatened that he and his family would be harmed if he made a statement to the police. Castellanos reported everything he had seen to the police and gave an interview to a local

2

television news station.  While driving three weeks later, occupants of another car followed him and fired shots at his car.  He called the police and told them that the incident may have been related to the mayor's shooting.  Castellanos testified that two weeks after the first incident, he was again followed by another car.  He took down its license plate number but was too afraid to provide it to the police.  Nine days later, he returned to the United States.  He testified that unknown persons have continued to make inquiries about him at his family home.  The IJ found Castellanos' testimony credible but denied his application, finding that he had failed to establish that he will be subjected to torture by a public official, or at the instigation of or acquiescence by an official.  The BIA dismissed his appeal in June 2009.  Castellanos filed a timely petition for review.  He was removed from the United States on July 6, 2009.

## II.

Because Castellanos has been convicted of an aggravated felony, a determination he does not challenge, our review of the denial of relief under the CAT is limited to constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(C) & (D); Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008).  We review the BIA's legal conclusions de novo. Kaplun v. Att'y Gen., _ F.3d _, No. 08-2571, 2010 WL 1409019, at *3 (3d Cir. Apr. 9, 2010); Pierre, 538 F.3d at 184.  Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's opinion, this Court will review both opinions.  See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

## III.

The government argues that we lack jurisdiction over this petition for review. It characterizes Castellanos' claims as challenges to the weighing of evidence. To the extent that Castellanos raises claims that challenge the factual findings, we do lack jurisdiction, and, as a result, those claims are dismissed. However, Castellanos also raises claims that can be construed as questions of law, as discussed below, over which we retain jurisdiction.

To qualify for deferral of removal under CAT, an applicant must satisfy the same requirements for withholding of removal under CAT. See 8 C.F.R. § 1208.17(a). That is, the applicant must demonstrate that it is more likely than not that he will be tortured if removed to the country in question. See Kamara v. Att'y Gen., 420 F.3d 202, 212-13 (3d Cir. 2005); 8 C.F.R. § 1208.16(c)(2). For an act to constitute torture, it must be committed "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "For purposes of CAT claims, acquiescence to torture requires only that government officials remain willfully blind to torturous conduct and breach their legal responsibility to prevent it." Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 70 (3d Cir. 2007).

In denying relief, the IJ held–and the BIA agreed–that Castellanos failed to meet his evidentiary burden. Specifically, the IJ noted that Castellanos provided no evidence of the identity of the assassins or that they were politically motivated. Indeed, there was some suspicion that the mayor had been targeted by a commercial business rival. Likewise, Castellanos could not identify the people who chased and shot at him, nor did

4

he demonstrate that public officials were willfully blind to any mistreatment he may have suffered. In addition, the record shows that Castellanos had contact with the police only twice, and although he suspects that the police did not investigate his reports, he does not claim that he sought their protection or that he was denied assistance. As a result, the IJ concluded that Castellanos failed to demonstrate that it was more likely than not that he would be tortured if removed to El Salvador. We agree.

In his brief, Castellanos does state that the police failed to investigate his report that political operatives connected to the assassination followed him and fired shots at him. He argues that the IJ and the BIA applied an unreasonable standard in requiring him to identify the assassins and the assailants and that he satisfied the "subjective standard" as to fear of future persecution.[1] However, to prevail on his CAT claim, he must show, through objective evidence, that it is more likely than not that he will be tortured in El Salvador. See 8 C.F.R. § 1208.16(c)(2); Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). He offers nothing to support his assertions, and admits that he did not contact the police with the license plate number of the car that followed him in the second incident. He also admitted during his hearing that he did not know the extent to which the police investigated his report. As the IJ noted, there is nothing to link the individuals who shot at him to the Salvadoran government. Accordingly, we will deny in part and dismiss in part the petition for review.

---

[1]Castellanos cites to the standard in the Second Circuit. See Guan Shan Liao v. U.S. Dep't of Justice, 293 F.3d 61 (2d Cir. 2002).